**Guarantee Co. of N. Am. v Xin Dev. Group Intl., Inc.**

2024 NY Slip Op 30558(U)

February 21, 2024

Supreme Court, New York County

Docket Number: Index No. 654742/2023

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 49M

------------------------------------------------------------------------------------X

| | |
|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA USA, | **INDEX NO.** 654742/2023 |
| Plaintiff, | **MOTION DATE** 12/26/2023 |
| - v - | **MOTION SEQ. NO.** 001 |
| XIN DEVELOPMENT GROUP INTERNATIONAL, INC., XIN QUEENS HOLDING, LLC, QUEENS THEATRE HOLDCO, LLC and QUEENS THEATRE OWNER LLC | **DECISION + ORDER ON MOTION** |
| Defendants. | |

------------------------------------------------------------------------------------X

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 23, 24, 25

were read on this motion to/for _____ SEAL _____ .

Defendants Xin Development Group International, Inc., Xin Queens Holding, LLC, Queens Theatre Holdco, LLC, and Queens Theatre Owner LLC move by order to show cause pursuant to Section 216.1 of the Uniform Rules of New York Trial Courts, to seal three exhibits submitted in support of defendants' motion to dismiss: the Landmarks Preservation Commission Site Bond dated May 10, 2018 (the Surety Bond), the Guarantee Company of North America USA Agreement of Indemnity dated February 12, 2018 (the Indemnity Agreement), and the Forbearance Agreement dated September 27, 2023 (the Forbearance Agreement) (NYSCEF #s 11-13). Plaintiff the Guarantee Company of North America USA (GCNA) opposes this motion (NYSCEF # 24). For the reasons below, defendants' motion to seal is denied.

This action arises from a construction project at 135-29 Northern Boulevard, Flushing, New York, in which one of the defendants—Queens Theatre Owner LLC (Queens Theatre)—undertook to construct a new building and to remove, restore, and reinstall certain designated interior landmark lobby space at that location (NYSCEF # 1, ¶ 19). To facilitate the project, plaintiff issued the Surety Bond on behalf of Queens Theatre to New York City Landmarks Preservation Commission (the City) (*id.* ¶¶ 20-21). In turn, defendants executed the Indemnity Agreement to (i) indemnify plaintiff for damages resulting from the Bond, and (ii) upon request,

**653847/2022   UNITED ACQUISITION CORP. vs. MEDCAP GROWTH EQUITY FUND I, LP ET AL**
**Motion No.  004**

**Page 1 of 4**

1 of 4

[* 1]

discharge plaintiff under the Bond or provide plaintiff with additional collateral to cover its exposure under the Bond (*id.* ¶¶ 15-17).

In August 2023, plaintiff was concerned about defendants' financial stability and Queens Theatre's performance at the project, and thus demanded that defendants discharge it under the Surety Bond or alternatively, provide it with additional collateral of $4,000,000 (*id.* ¶¶ 26, 27). Upon defendants' alleged failure to attain such a result, plaintiff brought this action alleging breach of contract under the Indemnity Agreement (*id.* at 9-12). Defendants moved to dismiss plaintiff's complaint (MS 002), and in support, defendants submit the Surety Bond, the Indemnity Agreement, and a redacted copy of the Forbearance Agreement (NYSCEF # 8, 11-13).

Defendants explain that the Surety Bond, the Indemnity Agreement, and the redacted Forbearance Agreement should be sealed because these items are "proprietary materials reflecting commercial interests, business strategy, legal and/or financial planning" of defendants, plaintiff, and nonparties to the action (NYSCEF # 20 at 3). Defendants stress that the Forbearance Agreement, in particular, contains defendants' sensitive financial information and was negotiated as part of a settlement agreement in another legal proceeding (*id.* at 4).

Plaintiff counters that neither the Surety Bond nor the Indemnity Agreement contains any proprietary business information. The Surety Bond is already publicly available as it was provided to the City in connection with a public improvement project, and the terms of the Indemnity Agreement are not sensitive—they are regular terms relied on by plaintiff in its ordinary course of business (NYSCEF # 24 at 4-7). Plaintiff adds that to the extent the Indemnity Agreement includes defendants' personal information such as their social security numbers, it only justifies tailored redactions, not wholesale sealing (*id.* at 6). Further, plaintiff points out that defendants have only submitted a redacted copy of the Forbearance Agreement (NYSCEF # 13). While plaintiff does not necessarily oppose the sealing of the Forbearance Agreement, plaintiff requests to review the Forbearance Agreement in full before determining its position (NYSCEF # 24 at 8).

Under New York law, there is a presumption that the public is entitled to access to judicial proceedings and court records (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010], citing *Mancheski v Gabelli Group Capital Partners*, 39 AD3d 499, 501 [2d Dept 2007]). The public's right to access, however, is not absolute (*Danco Labs. v Chemical Works of Gedeon Richter*, 274 AD2d 1, 8 [1st Dept 2000]), and a court is empowered to seal or redact court records pursuant to section 216.1 (a) of the Uniform Rules for Trial Courts upon a showing of "good cause" (22 NYCRR 216.1 [a]). Sealing has been found to be appropriate to preserve the confidentiality of materials which involve internal finances of a party which are of minimal public interest (*see D'Amour v Ohrenstein & Brown, LLP*, 17 Misc3d 1130[A] [NY Sup Ct. NY County 2007]). In the business context, courts permit

**653847/2022   UNITED ACQUISITION CORP. vs. MEDCAP GROWTH EQUITY FUND I, LP ET AL**          **Page 2 of 4**
**Motion No.  004**

[* 2]

records to be sealed when trade secrets are involved or when disclosure of information contained in documents "could threaten a business's competitive advantage" (*Mosallem v Berenson*, 76 AD3d at 350-351).

That said, "[c]onfidentiality is clearly the exception, not the rule" (*Matter of Hoffman*, 284 AD2d 92, 93-94 [1st Dept 2001]), and the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access (*Mancheski*, 39 AD3d at 502). "[A] court is always required to make an independent determination of good cause before it may grant a request for sealing" (*Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). And courts are generally "reluctant to allow the sealing of court records, even where both sides to the litigation have asked for such sealing" (*id.*).

Under this standard, the branch of defendants' motion to seal the Surety Bond is denied. While defendants allege that the Surety Bond contains confidential information, this "does not guarantee that such information will be kept sealed[;] . . . [g]ood cause must still be shown" (*Angiollio v Christie's Inc.*, 64 Misc 3d 500, 524 [Sup Ct. NY County 2019]). Here, defendants only assert that the Surety Bond includes the parties' "commercial interests, business strategy, legal and/or financial planning," but fail to specify any reasons or compelling circumstances that make it vital to seal this document, which plaintiff alleges is already publicly available. Specifically, defendants "make no indication that there are trade secrets, business secrets, financial information [in the Surety Bond] that would unfairly benefit their business competitors" (*Landberg v Nat. Enterprises*, 2007 NY Slip Op. 32057[U] [Sup Ct, New York County 2007]).

Likewise, the branch of defendants' motion to seal the Indemnity Agreement is denied without prejudice to renewal. As discussed above, although defendants broadly state that the Indemnity Agreement is proprietary material, defendants fail to demonstrate good cause and compelling circumstances to justify the wholesale sealing of the Indemnity Agreement (*id.*). To the extent that parts of the Indemnity Agreement contain sensitive personal information, such as defendants' social security numbers, defendants have not shown that redaction is not a viable option and that the wholesale sealing of the Indemnity Agreement is required (*Danco Labs*, 274 AD2d at 8 [when sealing is authorized, a document need not be withheld from the public entirety as "redaction is a viable option, predicated upon the required level of need"]; *see Landberg*, 2007 NY Slip Op. 32057[U] [rejecting "wholesale sealing" of records]).

Lastly, the branch of defendants' motion to seal the Forbearance Agreement is denied without prejudice to renewal. In support of this branch of the sealing motion, defendants only submit a redacted copy of the Forbearance Agreement (NYSCEF # 13). This procedure is contrary to the court's Part Rules (https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/Practices-Part-

653847/2022   UNITED ACQUISITION CORP. vs. MEDCAP GROWTH EQUITY FUND I, LP ET AL
Motion No.  004

Page 3 of 4

[* 3]

49.pdf) that "[f]or documents sought to be sealed, counsel shall e-file both the unredacted (with the designation 'Request to Seal') and redacted documents."

Accordingly, it is

ORDERED that the branch of defendants' motion to seal the Surety Bond (NYSCEF # 11) is denied; and it is further

ORDERED that the branch of defendants' motion to seal the Indemnity Agreement and the Forbearance Agreement (NYSCEF #s 12, 13) is denied without prejudice to renewal, within 30 days of this order, by motion that is supported by specific proposed redactions consistent with this Decision and Order and a showing of good cause; and it is further

ORDERED that the Indemnity Agreement and the Forbearance Agreement (NYSCEF #s 12, 13) shall remain under seal for 45 days after e-filing this order, and in the absence of a motion to renew the request(s) to seal, an order will be issued unsealing the documents.

| 02/21/2024 | | | | MARGARET A. CHAN, J.S.C. |
| DATE | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

653847/2022   UNITED ACQUISITION CORP. vs. MEDCAP GROWTH EQUITY FUND I, LP ET AL
Motion No. 004

Page 4 of 4

4 of 4

[* 4]